UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RODNEY AND LORRAINE ROEBUCK                                                PLAINTIFFS

V.                                                         CIVIL ACTION NO. 3:09CV55 DPJ-JCS

PEGGY HOBSON-CALHOUN, PRESIDENT OF
THE HINDS COUNTY BOARD OF SUPERVISORS;
JOHN JORDAN, JR., CEO OF DIAMOND DETECTIVE
AGENCY; AND JOHN DOES 1-10                                                 DEFENDANTS

ORDER

This cause is before the Court *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) to determine whether the Court has subject matter jurisdiction over the instant case. Plaintiffs, proceeding *pro se*, filed this action against Defendants alleging the breach of "a written contract with plaintiff[s] to pay earned vacation pay" and "a written contract with plaintiffs to retrieve (from New Orleans, La.) and restore two valuable firearms." Complaint ¶¶ 1, 2. Plaintiffs aver that 'defendants were compelled to honor the aforesaid contracts under the laws of the honorable state of Mississippi." *Id.* ¶ 6. According to the Complaint, Plaintiffs are residents of Hinds County, Mississippi, and Defendant Peggy Hobson-Calhoun is a resident of Hinds County, Mississippi.

Federal courts are courts of limited jurisdiction and must dismiss an action, *sua sponte,* if jurisdiction is lacking. *See Giannakos V. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("[J]urisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties. If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect."); *Weckesser v. Zurich Assurance*, No. 1:07cv1027, 2007 WL 4097588, at

*1 (S.D. Miss. Nov. 15, 2007). "[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).

Plaintiffs' Complaint states that jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. § 1332. However, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Here, the Complaint represents that both Plaintiffs and one Defendant are citizens of Mississippi. In addition, the Complaint contains only state law claims, so no federal question jurisdiction exists under § 1331.

Because subject matter jurisdiction is lacking, this action must be dismissed. However, Plaintiffs are not precluded from bringing their claims in state court.

IT IS HEREBY ORDERED that Plaintiffs' claims are dismissed without prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2009.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE